**Simmons  v.  General  Motors  Corporation**

*Philip H. Baer*, for plaintiffs.
*Liebert, Short, Fitzpatrick & Lavin*, for defendants.

LEDERER, J., January 27, 1975.—On February 29, 1972, plaintiffs purchased from defendant, Fierstine Brothers Oldsmobile, Inc., a 1972 eight-cylinder Oldsmobile luxury four-door hardtop, model number V-39, which had been manufactured by defendant, General Motors Corporation. Plaintiffs allege in their complaint that on March 2, 1972, the wife-plaintiff was operating the automobile when it went out of control because of a defect in the accelerator and braking system causing the accelerator to stick, resulting in a collision which caused serious injuries. They further allege defendant, General Motors Corporation, failed to design, construct and manufacture the accelerator and braking system in such a way that it would not go out of control.

Plaintiffs filed 14 interrogatories upon defendant, General Motors Corporation, all of which were objected to by said defendant, except two (interrogatory no. 11 was not objected to by defendant until the filing of its supplemental memorandum. Since the issue involved has already been argued by both parties in their initial memoranda, the court will consider said objection.) Interrogatories nos. 2, 4, 7, 8 and 11 all suffer from the same deficiency. They lack sufficient specificity to establish relevance to the issues.

Interrogatory no. 2 requests defendant, General Motors Corporation, to set forth complaints received from January 1967 to January 1973, concerning failure of the "check valve" in the power brake system. Interrogatory no. 4 refers to internal documents relating to the power brake "check valve." Interrogatory no. 7 refers to letters concerning the "check valve" failures. Interrogatory no. 8 refers to studies concerning ability of people to stop the "car," and interrogatory no. 11 refers to the "check valve problem." There is no identification or description of a particular "check valve."

Nor is there any limitation to automobile models with the same "check valve" as that which was in the automobile involved in the accident in this case. The interrogatories refer to all model automobiles ever manufactured by defendant, General Motors Corporation, regardless of the degree of differences in the check valve systems.

It is not necessary to limit discovery to the exact model of automobile involved in the accident. However, discovery is limited to those automobiles whose check valve in the power brake system is identical to the check valve of the automobile involved in this case: Uitts v. General Motors Corp., 58 F. D. R. 450 (1972). Even where differences exist in the check valve of the power brake system of other automobiles manufactured by General Motors Corporation, the check valve may be sufficiently similar in characteristics so as to be material to the issues of the instant case.

In order to limit the scope of the above interrogatories to relevant inquiries, plaintiffs, through discovery, should first obtain the details concerning the parts and construction of the check valve in plaintiffs' automobile. They should then identify those automobiles manufactured by defendant with identical or similar check valves.

Plantiffs' interrogatories nos. 5, 9, 10, 12 and 13 request defendant, General Motors Corporation, to set forth the contents of studies, reports and a memorandum. The information contained therein may reasonably lead to the discovery of admissible evidence. It cannot be said at this point that such documents are irrelevant. Although these documents may contain opinions, those that were completed prior to the date of this accident may be significant for purposes of placing defendant on notice of a defective condition in the check valve system. It would be in the interests

of justice and in the spirit of liberal discovery rules to entitle plaintiffs to such documents. If the documents referred to in interrogatories nos. 10 and 12 were completed subsequent to March 2, 1972, the date of the accident, discovery will not be permitted of that portion of the document which sets forth the opinions of an expert. Plaintiffs failed to ask defendant if it had the requested documents prior to asking defendant to set forth their contents. Naturally, defendant will not be required to produce the contents of documents it did not possess.

Interrogatory no. 1 refers to inspections by defendant, General Motors Corporation, of the automobile involved in the accident. Any inspections subsequent to the date of the accident were performed in anticipation of litigation and are not discoverable.

Plaintiffs have advised this court that interrogatory no. 3 is withdrawn.

In view of the foregoing, we make the following.

## ORDER

And now, January 27, 1975, upon objections to interrogatories by defendant, General Motors Corporation, and answer by plaintiffs, it is hereby ordered:

1. The objections of defendant to interrogatories nos. 2, 4, 7, 8 and 11 are sustained without prejudice to plaintiffs to renew said interrogatories to defendant after limiting the scope to relevant inquiries in accordance with this opinion.

2. The objection of defendant to interrogatory 1 is sustained insofar as information relating to inspection of the automobile subsequent to the date of the accident. Information relating to inspections of the automobile by said defendant prior to the date of the accident involved in this case must be supplied to plaintiffs.

3. The objections of defendant to interrogatories 5, 9 and 13 are dismissed. If defendant possesses said documents, it should supply the entire contents thereof to plaintiffs. If the documents referred to in interrogatories 10 and 12 are in possession of defendant and were completed prior to March 2, 1972, they also should be supplied to plaintiffs in their entirety. If they were completed subsequent to March 2, 1972, then they should be supplied to plaintiffs with the opinions of experts deleted therefrom.

4. Interrogatory 3 is withdrawn by plaintiffs.

Defendant, General Motors Corporation, is to answer plaintiffs' interrogatories in accordance with the above order within 30 days from the date hereof or said defendant shall be precluded from entering a defense to the claim of plaintiffs and shall not be permitted to introduce evidence at the time of trial.